IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM MONTERIAL JONES | § | |
| TDCJ-CID No. 1971347, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3284 |
| | § | (U.S. District Judge Sim Lake) |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

## RESPONDENT DAVIS'S MOTION TO DISMISS WITH BRIEF IN SUPPORT

Petitioner William Monterial Jones was properly convicted of aggravated robbery with a deadly weapon and felon in possession of a firearm and assessed punishment at two forty-year concurrent sentences. He now seeks habeas corpus relief in this Court pursuant to 28 U.S.C. §§ 2241, 2254. However, Jones's federal petition should be dismissed because it is procedurally barred from federal habeas corpus review.

## JURISDICTION

Jones's judgments arise out of Harris County, which is in the jurisdiction of this Court. *See* 28 U.S.C. §§ 2241(d), 2254(a).

## JONES'S ALLEGATIONS[1]

Jones's claims can be summarized as follows:

1. The evidence was insufficient to support his convictions for aggravated assault and felon in possession of a weapon.

2. He received ineffective assistance of trial counsel when his attorney failed to —
   a. object to DNA results;
   b. request a DNA expert to challenge the State's DNA results;
   c. investigate his medical records;
   d. *object to the State's prejudicial remark*.

3. He received ineffective assistance of counsel on appeal when his appellate attorney failed to raise his ineffective assistance of trial counsel claims.

ECF 1 at 7-8 (Fed. Writ Pet.).

## DENIAL

The Director denies all Jones's assertions of fact except those supported by the record or specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Jones—including, without limitation, a motion to amend and/or supplement his petition, and a motion for an evidentiary hearing—and will respond to any such motions only upon order of the Court.

## STATEMENT OF THE CASE

### I.   Procedural History.

Jones challenges his judgments and sentences out of the 351st District Court of Harris County, Texas in cause numbers 1387546 and 1387547, both

---

[1] The Director maintains the italicized claim, 2(d), is unexhausted because Jones failed to raise it in his state habeas application. *See* SHCR-03 at 7-12.

styled the *State of Texas v. William Monterial Jones.* CR (46) at 134; CR (47) at 126.[2]  Jones was indicted for aggravated assault with a deadly weapon and felon in possession of a firearm, enhanced in each case, by two prior felony convictions. *Id.* at 10; 10.  He pled true to the enhancements, but not guilty to the primary offenses. *Id.* at 134; 126.  But, on December 11, 2014 a jury found him guilty and the Court assessed punishment at forty years' imprisonment for each offense, with sentences to run concurrently. *Id.* Jones timely filed a notice of appeal. *Id.* at 137; 129.  On February 18, 2016, the First Court of Appeals affirmed his convictions in an unpublished opinion. *Jones v. State*, Nos. 01-14-01032-CR, 01-14-01033-CR, 2016 WL 672842 (Tex. App. –Houston, 2016).  He next filed petitions for discretionary review, which the Court of Criminal Appeals ("CCA") refused on July 27, 2016. PDR Nos. 240-16; 241-16.

On August 8, 2017 Jones filed[3] a state habeas application challenging both convictions.  SHCR-03 at 2-3, 18.  After the CCA remanded the application to the trial court for additional findings of fact, the trial court determined that Jones had submitted an affidavit with a forged signature. *Id.* SHCR-03 (Supp.) at 5-7, 26-33 (Finding Nos. 11-25). *Id.* Consequently, the CCA dismissed Jones's habeas application for abuse of the writ.  SHCR-03, Order of Aug. 22,

---

[2] "CR" refers to the clerk's record on appeal followed by the page number. "SHCR" refers to the clerk's record of the state habeas pleadings in *Ex parte Jones,* No. 85,603-03, followed by the relevant page numbers.

[3] The prison mail box rule now applies to a petitioner's filing of his state writ application for AEDPA tolling purposes. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).

2018; "Action Taken" sheet.  On September 11, 2018, Jones filed the instant federal writ petition in this Court.[4] ECF 1 at 10, ECF 6 at n. 1.

## STATE COURT RECORDS

Jones's state court records will be filed in this Court within a week of the filing of this Answer.  A copy of the record will not be forwarded to Jones. *See United States v. MacCollom*, 426 U.S. 317 (1976); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973). (An indigent inmate is not entitled to receive a free copy of his trial records for habeas corpus purposes.).

## EXHAUSTION/LIMITATIONS/SUCCESSIVE PETITION

The Director believes that Jones has not sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1) with regard to his ineffective assistance of counsel allegation 2(d), failure to object to the State's prejudicial remark; nonetheless, because his unexhausted claim is procedurally barred, the Director does not move for dismissal for failure to exhaust. This federal petition is neither barred by limitations, 28 U.S.C. §2244(d), nor subject to the successive petition bar, 28 U.S.C. § 2244(b).

## MOTION TO DISMISS AS PROCEDURALLY BARRED

Though Jones filed a state habeas application challenging both the convictions he challenges here and raising all but his claim 2(d) *supra*, his federal petition is procedurally barred in this forum because the CCA

---

[4] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of AEDPA, a pro se petitioner's federal petition is filed on the date it is placed in the prison mail system).

dismissed his state application, specifically citing him for abuse of the writ. SHCR-03, Aug. 22, 2018 Order.

It is well settled that citation for abuse of the writ constitutes an adequate and independent state ground to deny relief. *Coleman v. Thompson*, 501 U.S. 722 (1991) (holding adequate state ground doctrine applies to bar federal habeas when state court declined to address prisoner's federal claims because prisoner had failed to meet state procedural requirement. 28 U.S.C.A. § 2254.). The Texas abuse-of-writ doctrine prohibits a second habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) *(citing Ex parte Barber,* 879 S.W.2d 889, 891 n. 1 (Tex.Crim.App.1994) (en banc) (plurality opinion); *and see Fearance v. Scott*, 56 F.3d 633, 640 (5th Cir. 1995). (A state court's dismissal of state petition for writ of habeas corpus as an abuse of the writ amounts to independent and adequate state grounds to deny relief, under *Coleman* standard, thereby barring federal review. 28 U.S.C.A. § 2254.).

Following the Texas Court of Criminal Appeals' decision in *Ex parte Barber,* 879 S.W.2d 889, 892 n. 1 (Tex. Crim. App. 1994), the Texas courts' abuse-of-the-writ doctrine is an adequate and independent state ground. *Nobles,* 127 F.3d at 423; *Fearance,* 56 F.3d at 642. Thus, where a state prisoner has been cited for abuse of the writ following *Barber,* federal habeas corpus review of his claims is barred.

In this case, the CCA specifically refused to consider Jones's claims, admonished him for abusing the writ, and made clear that it would not

consider any future applications regarding the claims he now brings in his federal petition.

> The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused The Great Writ by submitting false evidence. We deny relief on this application and cite him for abuse of the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in regard to the instant conviction, at least insofar as existing claims that he could have or should have brought in the application. *Ex parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003); *Middaugh v. State*, 683 S.W.2d 713 (Tex. Crim. App. 1985); *Ex parte Emmons*, 660 S.W.2d 106 (Tex. Crim. App. 1983). Additionally, based on Applicant's submission of false evidence, we find that Applicant has filed a frivolous lawsuit.
>
> Therefore, we instruct the Clerk of the Court of Criminal Appeals not to accept or file the instant applications for writ of habeas corpus, or any future application pertaining to these convictions unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

SHCR-03, Aug. 22, 2018 Order.

For this Court to reach the merits of these claims, Jones "must establish 'cause' and 'prejudice' from [the state court's] failure to consider his claim[s]." *Fearance*, 56 F.3d at 642 (citing *Coleman*, 501 U.S. at 750-51). Jones has failed to argue, much less establish, cause and prejudice, and he has not shown that he is actually innocent of the crimes for which he was convicted.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that Jones's petition for writ of habeas corpus be dismissed as procedurally barred from

federal habeas corpus review and that this Court *sua sponte* deny a certificate of appealability.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

_/s/ Susan San Miguel_
SUSAN SAN MIGUEL*
Assistant Attorney General
*Lead Counsel                State Bar No. 24037425
Southern District Admission No.:  37116

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1400
(512) 936-1280 (Fax)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Motion to Dismiss with Brief in Support has been served by placing same in the United States mail, postage prepaid, on the 12th day of December, 2018, addressed to:

William Monterial Jones
TDCJ No. 1971347
Darrington Unit
59 Darrington Rd.
Rosharon, TX 77583

/s/ Susan San Miguel
SUSAN SAN MIGUEL
Assistant Attorney General
